# Richmond

Board of Supervisors of Fairfax County, Virginia v. Cities Service Oil Company.

November 27, 1972.

Record No. 7821.

Present, All the Justices.

*M. Langhorne Keith*, for appellant.

*Edward D. Gasson (Phillips, Kendrick, Gearheart & Aylor*, on brief), for appellee.

Snead, C.J., delivered the opinion of the court.

Cities Service Oil Company (Cities Service) filed a Petition for Declaratory Judgment and for Mandatory Injunction against the Board of Supervisors of Fairfax County and other county officials. It was alleged in the petition that Cities Service was the owner of a tract of land in Fairfax County and that the county Board of Zoning Appeals had issued a special use permit to City Engineering and Development Company, Inc. (City Engineering), the predecessor in title of Cities Service, authorizing Cities Service to erect a gasoline service station on the property. It was further alleged that the Board

of Supervisors had, subsequent to issuance of the special use permit and to the filing of a site plan required by county ordinance, unlawfully rezoned the property from C-D zoning district, in which service stations may be permitted, to C-O, in which they are not permitted. This was done, it was alleged, "in order to prevent the erection of a service station" on the property.

The petition prayed that the court determine that the ordinance passed by the Board of Supervisors rezoning the property was null and void, and that the court direct the issuance of a building permit to Cities Service in accordance with the special use permit.

After hearing evidence *ore tenus*, the court decreed that the issuance of the special use permit to City Engineering and Cities Service created a vested right to land use for a service station, which could not be divested by subsequent action of the Board of Supervisors in amending the applicable zoning ordinance and zoning map. The court further decreed that Cities Service was entitled to approval of its site plan and to the issuance of a building permit upon compliance with the code provisions of the County of Fairfax existing just prior to the action of the Board of Supervisors in rezoning the property.

Because of its finding that Cities Service had a vested right in the land use permitted by the special use permit, the court deemed it unnecessary to rule upon the validity of the amendatory zoning action of the Board of Supervisors.

The Board of Supervisors assigned as error (1) the court's finding that the granting of a special use permit created a vested right to a given land use which could not be divested by subsequent legislative action, and (2) the order directing approval of Cities Service's site plan and the issuance of a building permit in disregard of the amended zoning ordinance.

Cities Service assigned as cross-error the failure of the trial court to rule on the validity of the amendatory zoning action and to find such action arbitrary, capricious and, therefore, null and void.

The evidence shows that on March 16, 1966, the subject property was placed in the C-D zoning district, permitting numerous retail commercial uses, but allowing service stations only upon the issuance of a special use permit by the Board of Zoning Appeals.

On April 14, 1970, after the Board of Zoning Appeals had received an executed restrictive covenant which it required from City Engineering, a special use permit for service station use was granted City Engineering and Cities Service. The covenant provided that the

entire 2.8 acre tract owned by City Engineering, of which the subject property (approximately 29,445 square feet) is a part, be developed only for erection of an office building and a single service station.

Thereafter, on April 28, Boron Oil Company, acting for Cities Service, acquired title to the subject property. The next day the Board of Supervisors proposed, on its own motion, to advertise for a change in zoning of the entire 2.8 acre tract from C-D to C-O, a district in which service stations are not permitted either as a matter of right or by special use permit. On July 1, 1970, Cities Service filed a preliminary site plan as required by County Code § 30-11 as a prerequisite to the issuance of a building permit.

Cities Service acquired title to the property on September 28, 1970, and immediately filed a petition for a writ of mandamus to compel the county officials to release forthwith the preliminary site plan for necessary corrections and to process as soon as possible any final site plan filed. The writ was granted, and the county officials thereupon returned the site plan. A final site plan with additional corrections was resubmitted on October 15, 1970; however, on October 14, 1970, the Board of Supervisors had rezoned the subject property to C-O. Thereafter, the Department of County Development refused to approve the site plan and issue a building permit on the ground that the service station use was not permitted under the amended zoning.

According to Cities Service's witnesses, the property was purchased for $186,500 in reliance upon the use permit, and the rezoning of it to a C-O district reduced its value by approximately $100,000. In addition to this loss, Cities Service expended substantial sums for the preparation of its site plan.

The Board of Supervisors argues that no vested right in a zoning classification arises until after a building permit has been issued and the permittee has made substantial expenditures or has substantially changed his position in reliance thereon. For cases supporting this view, *see, e.g., R. A. Vachon & Son, Inc.* v. *City of Concord,* 112 N.H. 107, 289 A.2d 646 (1972); *Tremarco Corp.* v. *Garzio,* 32 N.J. 448, 161 A.2d 241 (1960); *Town of Hillsborough* v. *Smith,* 276 N.C. 48, 170 S.E.2d 904 (1969).

On the other hand, Cities Service argues that substantial expenditure in reliance upon an existing zoning classification and the issuance of a special use permit create a vested property right, which may not be impaired by a subsequent change in zoning. In support of

its argument, Cities Service cites *Renieris* v. *Village of Skokie,* 85 Ill.App.2d 418, 229 N.E.2d 345 (1967) and *Pure Oil Division* v. *City of Columbia,* 254 S.C. 28, 173 S.E.2d 140 (1970), which uphold its contention.

Here, after the issuance of the special use permit under the C-D zoning district, Cities Service purchased the property based on its value as then zoned with the special use permit. Cities Service substantially changed its position when it incurred considerable expense for the preparation and filing of the site plan in good faith reliance on the existing zoning of the property. As a result of the subsequent change in zoning, the property value decreased by approximately $100,000.

*Board of Supervisors* v. *Medical Structures, Inc.,* 213 Va. 355, 192 S.E.2d 799 (1972), decided this day, is factually similar to the case at bar and controls the issues here involved. There, we held:

> "[W]here ... a special use permit has been granted under a zoning classification, a bona fide site plan has thereafter been filed and diligently pursued, and substantial expense has been incurred in good faith before a change in zoning, the permittee then has a vested right to the land use described in the use permit and he cannot be deprived of such use by subsequent legislation." 213 Va. at 358, 192 S.E.2d at 801.

Accordingly, we hold that Cities Service's right to the land use described in the use permit vested upon the filing of the site plan, and that the trial court did not err in finding that Cities Service was entitled to approval of the site plan and to the issuance of a building permit upon compliance with code provisions of Fairfax County prior to the amendment to the zoning ordinance.

We turn next to a consideration of Cities Service's cross-error, wherein it claims the trial court erred in not finding the action of the Board of Supervisors in rezoning its property arbitrary and capricious and, therefore, void. Since we hold that Cities Service acquired a vested right to the land use for a service station, it follows that the Board of Supervisors acted arbitrarily and capriciously when it attempted to rezone Cities Service's property. We hold, therefore, that the action by the Board of Supervisors as to this property was null and void. *Board of Supervisors* v. *Medical Structures, Inc., supra.*

The decree appealed from will be

*Modified and affirmed.*