## CIRCUIT COURT OF FREDERICK COUNTY

Glen E. Russell

v.

Town of Stephens City

April 11, 1988

Case No. (Chancery) C87-68

By JUDGE ROBERT K. WOLTZ

This is a declaratory judgment proceeding brought by the complainant with respect to his use of certain land in a fashion permitted before amendment of the zoning ordinance of the defendant, to which complaint the defendant demurs. The demurrer is overruled in part and sustained in part.

The complainant alleges that he purchased certain property in August, 1986, in Stephens City and on November 4, 1986, filed a site plan and subdivision plan with the planning commission of the municipality for a thirty-six unit apartment complex to be built on the property; he was informed by the zoning administrator December 3, 1986, that in certain particulars the site plan was not in conformance with the zoning ordinance; two weeks later he submitted a revised site plan and subdivision plan for a thirty-three unit apartment complex, the site plan meeting the objections to the earlier plan; January 6, 1987, the town council amended the zoning ordinance the effect of which was to reduce the number of apartment units in the zoning classification where complainant's property was located; January 27, 1987, the planning commission recommended approval of the revised subdivision plan but refused to act on the revised site plan, and February 3, 1987, the town council took the same action, both bodies refusing

to consider the site plan because it did not conform with the zoning ordinance as amended January 6, 1987.

Complainant further alleges that he purchased the property in reliance on the ordinance as it stood at that time and that he has spent considerable effort and money in reliance on the ordinance before its January, 1987, amendment. He claims that he has a vested right to use his property in accordance with his revised site plan and the ordinance as it existed prior to the amendment, which amendment impermissibly denies him that right. He prays for judgment declaring his right to use the property as proposed in his revised site plan and in accordance with the zoning ordinance as it existed before amendation, and that the defendant be required to issue him the necessary building permit based on the revised plan.

The defendant's demurrer is extensive. It alleges the complainant has not exhausted his administrative remedies and that the town council has approved the only request made of it, namely, that regarding the subdivision plat; that complainant has not met all requirements of the zoning ordinance, that his right to use the property requires a building permit for which he has not applied, that interpretation of the zoning ordinance prior to amendation is subject to review by the Board of Zoning Appeals, that the Town cannot issue a building permit as that function is performed by a Frederick County department, there are no allegations of application for or obtaining such permits as may be required by highway, health or other departments, he does not aver he has no adequate remedy at law; that facially the amended ordinance permits as many apartment units as complainant initially sought; and the relief requested is more appropriately by way of mandamus than by declaratory judgment.

The Town argues that the refusal of the planning commission and town council to consider the revised site plan should be taken by Russell to the Board of Zoning Appeals of the Town. Russell's pleading equates the planning commission with the zoning administrator from whose rulings appeals are allowable to the Board. For the purposes of this opinion the equation is accepted.

The Town in its zoning ordinance has provided for a Board of Zoning Appeals with certain authority in pursuance of Code §§ 15.1-494 et seq. In briefest terms a

board of zoning appeals is created for and vested with authority to deal with "hardship" situations by granting variances in specific cases to the literal application of zoning ordinance provisions, thereby ameliorating in certain circumstances the strict requirements of such ordinances. *Gayton Triangle v. Henrico County,* 216 Va. 764 (1976). They are expressly denied the power to rezone property. § 15.1-495(e). The Town maintains that Russell has no standing in this court until exhaustion of administrative remedies by appealing to the board and cites *Gayton* in support.

That case is not applicable to the facts of this case. There as a result of rezoning the landowner was deprived of any use at all of his property because of requirements as to minimum lot size imposed for the one use permitted under the zoning classification. In effect, the landowner could use his property for no purpose. The case held that before the landowner could proceed in court he must exhaust his administrative remedies by seeking relief from the board of zoning appeals. Here, however, Russell is not denied any use of his property but only use in the manner proposed in his revised site plan. Should he appeal to that board and be granted a variance under the amended ordinance or clearance to proceed under the old ordinance this would necessarily involve decision as to which ordinance applied. Such a determination is a judicial act which the board is incompetent to perform.

Russell's declaratory judgment is essentially to obtain a judicial determination that the ordinance before amendment applied to his land, which decision the board of zoning appeals is incapable of making. Therefore appeal to that board is not among the administrative remedies he is required to take. The demurrer is also overruled on the ground that the town council has not been requested to approve the revised site plan. The allegation is that the plan was presented to that body which refused consideration of it. Russell's allegation is that both the board and the council based their refusal to consider the revised plan because it failed to conform to the amended ordinance. The Town takes the stance the landowner is powerless to do more than he has, so any efforts on his part in that regard are condemned to futility.

The remaining issue in the case is whether Russell's parcel and site plan should be considered under the provisions of the ordinance before or after amendment. This cannot be done on the basis of his bill or the Town's demurrer but requires determination of factual as well as legal matter. A similar issue was presented in *Fairfax County v. Medical Structures*, 213 Va. 355 (1972), and *Fairfax County v. Cities Service Oil, Co.*, 213 Va. 359 (1972). In each of those cases the court acknowledged that a landowner can under certain circumstances obtain vested rights in his land under prior provisions of a zoning ordinance which rights cannot be divested by later amendments of those provisions.

In the former case where the landowner had purchased property with reference to a zoning classification, had obtained a special use permit under that classification, then had filed a bona fide site plan and diligently pursued it, and had made substantial expenditures in good faith before the zoning change, he had reached a point where he had a vested right to use his land in accordance with the prior zoning classification and the use permit. On similar facts the second case also found vested rights and rejected the contention that no vested rights arose in a zoning classification until after a building permit had been issued and substantial expenditures made in reliance on the permit. *See also Matthews v. Green County*, 218 Va. 270 (1977). It should be noted, however, that as pointed out in *Medical Structures* that the site plan in many urban areas rather than the building permit has become the principle item in the process of developing land "creat[ing] a monument to the developer's intention"; and when the plan is approved the building permit generally is issued as a matter of course. For discussion of building permits in relation to changes in zoning provisions, *see generally* 82 Am. Jur. 2d, *Zoning* §§ 237-241.

In essence this case is one of determining how far and in what good faith the landowner had progressed in the development process and how far he had yet to travel in that process at the time the amendment to the zoning ordinance took place. For that purpose an evidentiary hearing will be necessary.