## CIRCUIT COURT OF THE CITY OF NORFOLK

G.W.G. Development Corp.

    v.

City of Norfolk

        Case No. (Law) L-88-487


Thomas J. Dobson

    v.

City of Norfolk

        Case No. (Law) L-88-488


Robert E. Stafford

    v.

City of Norfolk

        Case No. (Law) L-88-489


Annmarie Warfield et al.

    v.

City of Norfolk

        Case No. (Law) L-88-490

Louise Investment Corp.

v.

City of Norfolk

Case No. (Law) L-88-491

Laddie L. Banks et al.

v.

City of Norfolk

Case No. (Law) L-88-492

Rothel Associates

v.

City of Norfolk

Case No. (Law) L-88-493

Robert C. Gee

v.

City of Norfolk

Case No. (Law) L-88-499

August 15, 1988

By JUDGE JOHN E. CLARKSON

The referenced law actions brought by seven individuals (Thomas J. Dobson, Robert E. Stafford, Annmarie Warfield and Martha Gottlieb, Laddie L. Banks and Hilda L. Banks, and Robert C. Gee); two corporations (G.W.G. Development Corp. and Louise Investment Corp.); and one partnership (Rothel Associates), seek declaratory judgment and other consequential relief because the defendant City amended the 1968 Zoning Ordinance by adopting Ordinance Nos. 34,829 through 34,832.

The plaintiffs allege that the zoning amendments:

1. impaired the vested rights of the property owners;

2. were invalid in that the amendments were arbitrary, capricious, illegal, and unreasonable as they did not relate to the public health safety and welfare of the Willoughby/Ocean View area;

3. constituted illegal down zoning in that the amendments were in conflict with the Comprehensive Plan of the City; that there has been no material change in relevant circumstances as shown by objectively verifiable evidence affecting the character of the property insofar as the public health, safety, or welfare is concerned; and were, in addition, based upon factors having no substantial relationship whatsoever to the public health, safety, morals, or welfare;

4. constituted a taking of property without just compensation in that the rezoning deprived the property owners of all economically viable use of their property and/or the rezoning regulations did not advance legitimate governmental interest; and

5. constituted a deprivation of civil rights in that the rezoning deprived the plaintiffs of their property rights without due process and equal protection of the law.

The defendant demurred to all five counts of the plaintiffs' Motions for Declaratory Judgment.

Defendant argues that plaintiffs must allege that a building permit or site plan was approved or filed. I find that, unless such approval or filing has been made, no vesting of rights under the old zoning has occurred. Expectations and anticipated use of the land is not enough. *Board of Supervisors of Fairfax County v. Cities Service*

*Oil Co.*, 213 Va. 359 (1972). Therefore, the new zoning did not impair the vested rights of the property owners.

Second, I find as a matter of law that the zoning amendments are *not* arbitrary, capricious, illegal, or unreasonable. Compare Virginia Code § 15.1-489 with Ordinance No. 34,829 amended in Section 398.1-Intent. The amendments are intended to affect many landowners in the area, not just plaintiffs.

Third, I find there to be no facts alleged which constitute illegal down zoning and no facts to show conflict with the Comprehensive Plan of the City of Norfolk. The City of Norfolk changed this zoning in the Willoughby/Ocean View sections of the City, which is bounded on the north by the Chesapeake Bay, on the east by Virginia Beach, on the south by Little Creek, Pretty Lake, portions of Parkview Avenue and Virgilina Avenue, the southern property line of the Ocean View Golf Course, the intersection of Granby Street and Tidewater Drive, portions of Maple Avenue and Willoughby Bay, and on the west by the Willoughby Bay. I find the ordinance reasonable and not in conflict with the Comprehensive Plan of the City.

Fourth, I find no facts alleged that would be a "taking of property without just compensation." No property was taken, only restrictions as to density of units per acre. *See Agins v. Tiburon*, 447 U.S. 255 (1980).

Fifth, the facts alleged show no deprivation of civil rights or a taking of plaintiffs' property without just compensation.

I will sustain the demurrer, grant leave to amend if plaintiffs are so advised within ten days from the date of the order, and ask defendant's counsel to draft a sketch of an order and after endorsement forward to me for entry.