399 S.E.2d 814 (1991)
TOWN OF STEPHENS CITY
v.
Glen E. RUSSELL.
Record No. 900407.
Supreme Court of Virginia.
January 11, 1991.
David J. Andre (Andre & Fowler, on brief), Winchester, for appellant.
George W. Johnston, III (Thomas M. Dickinson, Jr., Kevin J. Burke, Hazel & Thomas, on brief), Winchester, for appellee.
Present: CARRICO, C.J., COMPTON, STEPHENSON, RUSSELL, WHITING, and HASSELL, JJ., and POFF, Senior Justice.
HASSELL, Justice.
In this appeal, we consider whether a developer acquired a vested property right in a zoning classification.
In October 1985, Glen E. Russell executed a sales contract to purchase a tract of land referred to as the Armstead tract in the Town of Stephens City. The tract consisted of approximately 79,785 square feet. The real estate closing for the property occurred in August 1986.
Russell wanted to build three apartment buildings consisting of 33 units on the property. He planned to subdivide the property into three parcels so that he could initially construct one apartment building, sell it, and use the proceeds to finance the construction of additional buildings. He did not decide to subdivide the property until after he had purchased it.
Russell contacted H. Bruce Edens, a certified surveyor and former town manager of Stephens City, in February 1986. He retained Edens to help him obtain the necessary permits and approval from the Town. Edens contacted Michael Kehoe, the current town manager and subdivision administrator. Edens prepared a sketch of a site plan and asked Kehoe if he thought the plan would be approved. Edens then drew a site plan dated November 3, 1986, and submitted it to the Town's Planning Commission. Kehoe informed Russell by letter, dated December 3, 1986, that the plan failed to comply with certain requirements contained in the Town's zoning ordinance. Edens prepared a revised site plan dated December 12, 1986, and submitted it to the Town. He also prepared a subdivision *815 plat dated December 17, 1986, which was submitted on December 18, 1986.
Edens considered the revised site plan final even though it did not comply with the Town's zoning ordinance. The revised plan did not indicate the location of sidewalks. It did not contain an erosion control plan or a landscape plan. Additionally, the site plan had not been approved by the Virginia Department of Highways. Edens knew that these deficiencies needed to be corrected before Russell could obtain final site approval from the Town.
It was Edens' understanding that the subdivision plat would be considered at a Planning Commission meeting in December 1986. However, the Planning Commission did not schedule a meeting in December because it was unable to obtain the necessary quorum.
Russell learned in late November 1986, of a proposed amendment to the Town's zoning ordinance. The proposed amendment was advertised on December 8, 1986. The Town Council adopted the amendment on January 6, 1987. The amendment had the effect of reducing the number of apartment units that Russell could build on his site from 33 to 21.
Russell filed this suit in the circuit court seeking a declaratory judgment that he had acquired a vested property right to construct apartments on his property in accordance with the zoning ordinance that existed before the amendment was enacted. The Town filed a demurrer which was sustained in part and overruled in part. The trial court, in its decree overruling the demurrer, stated, "that a factual issue is presented as to how far the landowner had in good faith progressed in the development process and how far he had yet to travel in that process at the time the amendment to the zoning ordinance took place." An evidentiary hearing was conducted and the trial court held that Russell had acquired a vested right to develop his property as permitted by the former zoning ordinance. We awarded the Town an appeal.
The Town argues that Russell did not have a vested right in the prior zoning classification because he had not complied with the legal requirements necessary to create a vested right nor had he complied with the former ordinance. In response, Russell argues that he had substantially complied with the ordinance and that he had acquired a vested right.
We discussed the legal requirements necessary to create a vested right in a zoning classification in Fairfax County v. Medical Structures, 213 Va. 355, 192 S.E.2d 799 (1972), Fairfax County v. Cities Service, 213 Va. 359, 193 S.E.2d 1 (1972), and Notestein v. Board of Supervisors of Appomattox County, 240 Va. 146, 393 S.E.2d 205 (1990).
In Medical Structures, the County Board of Zoning Appeals issued a special use permit to Medical Structures' predecessor in title, allowing it to build a nursing home on its property. Medical Structures purchased the property for $250,000, which reflected the value of the special use permit, and filed a site plan as a prerequisite to the issuance of a building permit. The County notified Medical Structures that zoning amendments, which had been enacted after Medical Structures acquired the property, prohibited approval of its site plan. We held
that where, as here, a special use permit has been granted under a zoning classification, a bona fide site plan has thereafter been filed and diligently pursued, and substantial expense has been incurred in good faith before a change in zoning, the permittee then has a vested right to the land use described in the use permit and he cannot be deprived of such use by subsequent legislation.
213 Va. at 358, 192 S.E.2d at 801.
In Fairfax County v. Cities Service, the County Board of Zoning Appeals issued a special use permit to City Engineering and Development Company, Cities Service's predecessor in title. The permit authorized Cities Service to construct and operate a gasoline station on its property. After the permit had been issued, the Board changed the zoning classification of the property to a classification which did not permit the construction of a gasoline station. The *816 County argued that a vested right in a zoning classification could not be created until a building permit had been issued and the permittee had made substantial expenditures or had substantially changed his position in reliance thereon. Cities Service argued that substantial expenditures in reliance upon an existing zoning classification and the issuance of a special use permit created a vested right, which could not be impaired by a subsequent change in zoning. Relying upon our holding in Medical Structures, we held that Cities Service's right to the land use described in the use permit vested upon the filing of the site plan. 213 Va. at 362, 193 S.E.2d at 3.
In Notestein, we considered whether the owners of a landfill had acquired a vested right to develop and operate a non-hazardous waste landfill on their property. When the Notesteins began to pursue the process of developing the landfill, no zoning ordinance existed which would have prohibited them from developing and/or operating a landfill on their property. The County subsequently adopted a new zoning ordinance which created numerous zoning classifications and which placed the Notesteins' property in an agricultural classification in which a landfill was not a permitted use. We applied the legal principles that we articulated in Medical Structures and held that the Notesteins had not acquired a vested right in the land classification which existed before the enactment of the zoning ordinance. We stated:
In both cases [Medical Structures and Cities Service], a governmental entity had committed a significant official act: the issuance of a permit which allowed the permittee to conduct a `use' on its property which otherwise would not have been allowed. Unlike the landowners in Medical Structures or Cities Service, the Notesteins did not identify a significant official governmental act to support their claim of a vested property right.
240 Va. at 152, 393 S.E.2d at 208.
Application of the principles that we articulated in Medical Structures, Cities Service, and Notestein shows that the trial court erred when it held that Russell had acquired a vested right in the zoning classification which existed before the zoning amendment was enacted. Unlike the developers in Medical Structures or Cities Service, Russell had not obtained any type of governmental permit or approval. Even though Russell had filed a proposed subdivision plat and a site plan, neither the plat nor the plan had been approved by the local planning commission as required by Code § 15.1-475.[*]
Therefore, we hold that Russell did not acquire a vested right in the zoning classification which existed before the ordinance was amended in January 1987. Accordingly, we will reverse the judgment of the trial court and dismiss the proceeding.
Reversed and dismissed.
NOTES
[*] Code § 15.1-475 states, in part:

Whenever the owner or proprietor of any tract of land located within any territory to which a subdivision ordinance applies desires to subdivide the same, he shall submit a plat of the proposed subdivision to the local commission of the ... municipality....
The local commission ... shall act on any proposed plat within sixty days after it has been officially submitted for approval by either approving or disapproving such plat in writing, and giving with the latter specific reasons therefor. Specific reasons for disapproval may be contained in a separate document or may be written on the plat itself. The reasons for disapproval shall identify deficiencies in the plat which cause the disapproval by reference to specific duly adopted ordinances, regulations, or policies and shall generally identify such modifications or corrections as will permit approval of the plat.