Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., Poff, Senior Justice

TOWN OF ROCKY MOUNT

v. Record No. 962021    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                  June 6, 1997
SOUTHSIDE INVESTORS, INC.

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
B.A. Davis, III, Judge

The sole issue in this appeal is whether a landowner acquired a vested right to build townhouses on its property before a zoning ordinance was amended to require a special use permit for such development.

Southside Investors, Inc. (Southside), initiated an action against the Town of Rocky Mount, challenging a 1995 amendment to the Town's zoning ordinance. The trial court heard the following evidence in a bench trial.

In July 1985, Southside purchased a 5.5 acre tract of property located on Herbert Street in the Town of Rocky Mount. About one month later, Southside obtained a rezoning of the property from R-1 to R-2, a residential use classification in which townhouses were a use permitted by right.

After the rezoning, Southside constructed two four-unit townhouse buildings on the north side of Herbert Street. Southside extended Herbert Street and installed water and sewer lines to accommodate these townhouse units, but did not file a site plan to develop the remaining portion of its parcel located on the south side of Herbert Street. However, the street extension and the water and sewer lines were adequate to serve future development on the south side of the street.

In 1995, the Town amended the zoning ordinance to remove townhouses as a use permitted by right in an R-2 district and to allow such development only by special use permit. Christopher Lee Whitlow, the Town's planning and zoning administrator, testified that in an R-2 district, multiple-family developments, such as townhouse complexes, were not consistent with "the overall scheme of the [T]own plan."

Southside asserted that it had a vested property right to construct townhouses on the undeveloped portion of its property. The trial court agreed, stating that "a conveyance has been made, substantial expense has been incurred and a hardship will be worked if further permit applications and delays are mandated prior to the building of additional townhouse units." The trial court also observed that Southside already had constructed townhouses on part of the original 5.5 acre parcel, and that there had been no evidence Southside had failed to comply with the Town's "building and structural requirements." Therefore, the court ruled that, based on Southside's vested property right, the 1995 amendment was null and void as to the subject parcel.

On appeal, the Town contends that the trial court erred in holding that Southside had a vested right to construct townhouses when it did not file a site plan or take any other significant action to develop the remainder of the tract prior to the 1995 zoning amendment. The Town asserts that Southside cannot rely on its earlier expenditures for extending the street, water lines,

and sewer capabilities, because these improvements were made to service the existing townhouses.

In response, Southside argues that the 1985 rezoning of its original parcel was a significant governmental act which gave Southside a vested right to construct additional townhouses. Southside asserts that, in reliance on this governmental act, it incurred substantial expense by extending Herbert Street and by installing water and sewer lines. Southside also contends that it diligently pursued development of its property by obtaining zoning and building permits for the existing townhouses. We disagree with Southside's arguments.

A landowner who asserts a vested property right to a particular zoning classification must identify a significant governmental act permitting the landowner the particular use of its property that otherwise would not be allowed. Holland v. Board of Supervisors, 247 Va. 286, 289, 441 S.E.2d 20, 21-22 (1994); Town of Stephens City v. Russell, 241 Va. 160, 164, 399 S.E.2d 814, 816 (1991); Fairfax County v. Cities Service, 213 Va. 359, 362, 193 S.E.2d 1, 3 (1972); see Board of Supervisors v. Trollingwood Partnership, 248 Va. 112, 115-16, 445 S.E.2d 151, 153 (1994). The requirement of a significant governmental act creates a bright line test that enables the landowner to determine the point at which it has acquired the vested right. Holland, 247 Va. at 292, 441 S.E.2d at 23.

The facts in the present case are similar to those in

Trollingwood Partnership.  There, the landowner asserted that its site plans for earlier phases of a development were sufficient to create a vested property right permitting the landowner to expand its development to an additional portion of the original parcel for which no site plan had been approved.  We held that the landowner's failure to obtain site plan approval for the new construction before the property was rezoned defeated its vested rights claim.  248 Va. at 115-16, 445 S.E.2d at 152-53.

Similarly, in Russell, a landowner contended that he had acquired a vested right in a prior zoning classification after an amendment effectively reduced the number of apartment units that he could build on his land.  241 Va. at 162, 399 S.E.2d at 815.  He claimed a vested right to build the number of units permitted under the former zoning ordinance, despite the fact that he had failed to obtain the required approval of his subdivision plat and site plan before the ordinance was amended.  We held that the landowner's failure to obtain any type of governmental permit or approval before the ordinance was amended was fatal to his claim.  Id. at 164-65, 399 S.E.2d at 816.

Applying this principle to the present case, we conclude that Southside does not have a vested right to construct additional townhouses on its property because it has failed to identify any significant governmental act approving its proposed development before the 1995 zoning amendment.  We find no merit in Southside's contention that the 1985 amendment, rezoning the

property from the R-1 to R-2 classification, is such a governmental act. That amendment merely changed zoning classifications and did not authorize any specific plan for development of the property. A significant governmental act, as contemplated by our decisions set forth above, authorizes the specific use to be made of the property, rather than the general categories of development allowed in a given zoning classification.

Southside's earlier expenditures for street, water, and sewer improvements are not relevant to this inquiry, because they were made in conjunction with the previous townhouse construction. The fact that some of these improvements may be utilized in future development of the property does not alter our conclusion, since they were not approved as part of a site plan or permit for the undeveloped portion of the property. Thus, we conclude that the trial court erred in holding that Southside acquired a vested right under the Town's 1985 zoning ordinance.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of the Town.

<u>Reversed and final judgment</u>.