## SHERRARD HOLLAND, ET AL.

## V.

## LYNN JOHNSON, ZONING ADMINISTRATOR OF FRANKLIN COUNTY, ET AL.

Record No. 901226

April 19, 1991

Present: Carrico, C.J., Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Edward A. Natt (Osterhoudt, Ferguson, Natt, Aheron & Agee,* on brief), for appellants.

*David A. Melesco* on brief for appellee Rockydale Quarries Corporation.

*B. James Jefferson* on brief for appellees Lynn Johnson, Zoning Administrator of Franklin County and the Board of Supervisors of Franklin County.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether a zoning administrator has the authority to decide whether a landowner has a vested right in a land use.

The facts are undisputed. Rockydale Quarries Corporation planned to develop and operate a rock quarry on a parcel of land in Franklin County. After Rockydale had undertaken certain preliminary work and acquired the site, the Franklin County Board of Supervisors enacted the county's first zoning ordinance. Subsequently, Rockydale requested an opinion from the county's zoning administrator, Lynn Johnson, whether Rockydale had: qualified under the "grandfather clause" of the zoning ordinance; qualified under a "prior special use status" or; was exempted from compliance with the zoning ordinance because it had acquired a vested right to operate and develop the rock quarry, which it was permitted to do before the zoning ordinance was enacted. Johnson forwarded a letter to Rockydale in which she stated that Rockydale did not qualify for exemptions under the "grandfather clause" or "prior special use status" contained in the ordinance, but that Rockydale had acquired a vested property right to develop and operate a rock quarry on its property and that such right was not affected or impaired by the newly enacted zoning ordinance. Johnson relied upon her interpretations of "leading cases" and legal principles to support her decision.

Sherrard Holland, Al Angle, and Michael Grimm, owners of real property in close proximity to the site of the planned quarry, filed a motion for declaratory judgment in the circuit court. They sought a declaration that the zoning administrator had exceeded her authority when she determined that Rockydale had obtained a vested property right to develop and operate a quarry on its property.* The trial court held that the zoning administrator was empowered to make a determination whether Rockydale Quarries had acquired a vested right and dismissed the proceeding. We awarded the petitioners an appeal.

Holland, Angle, and Grimm argue that a zoning administrator is not empowered to make a binding determination whether a property owner has acquired a vested right in a land use, and that this adjudication can be made only by a court. We agree.

■ The judicial power of this Commonwealth is vested in the Supreme Court and in such other courts as are established by the General Assembly. Va. Const. art. VI, § 1. It is the sole province of the judiciary to expound the laws and to adjudicate cases. That power, which emanates from the Virginia Constitution, is not shared with any other branch of government. *Kamper* v. *Hawkins*, 3 Va. (1 Va. Cas.) 20, 30-31 (1789).

■ The zoning administrator, the county board of supervisors, and Rockydale argue that Code § 15.1-491(d) authorizes the zoning administrator to decide whether a landowner has acquired a vested right in a land use because the statute gives the zoning administrator all necessary authority to administer the zoning ordinance:

A zoning ordinance may include, among other things, reasonable regulations and provisions as to any or all of the following matters:

. . . . (d) For the administration and enforcement of the ordinance including the appointment or designation of a zoning administrator who may also hold another office in the county or municipality. *The zoning administrator shall have all necessary authority on behalf of the governing body to administer and enforce the zoning ordinance*, including the ordering in writing of the remedying of any condition found

---

* Holland, Angle, and Grimm also appealed, unsuccessfully, the zoning administrator's decision to the Board of Zoning Appeals.

in violation of the ordinance, and the bringing of legal action to insure compliance with the ordinance, including injunction, abatement, or other appropriate action or proceeding.

Va. Code § 15.1-491(d) (emphasis added). This argument is untenable. Nothing in the statute authorizes the zoning administrator to adjudicate property rights.

■ A vested right in a land use is a property right which is created and protected by law. An adjudication regarding the creation, existence, or termination of that right can be made only by a court of competent jurisdiction. Accordingly, the judgment of the trial court will be reversed, and the case remanded for the entry of a judgment consistent with this opinion.

*Reversed and remanded.*