## CIRCUIT COURT OF FAIRFAX COUNTY

Mary R. Greene

v.

Board of Zoning Appeals et al.

Case No. (Chancery) 116991

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

July 15, 1994

This matter comes before the Court on writ of certiorari pursuant to § 15.1-491 of the Code of Virginia. The Board of Zoning Appeals ("BZA") upheld a determination made by the Zoning Administrator which affected property owned by the appellant, Ms. Greene.

The Court makes the following factual findings.[1]

London Towne is a residential townhouse subdivision located in Fairfax County. Parcel R, within Section 5 of the subdivision, is the subject of this appeal. Parcel R contains a private street, sidewalks, parking areas, and open space.

London Towne was developed originally as a residential townhouse cluster subdivision in the mid-1960's. The subdivision was initially zoned under the R-T District provisions. In 1967, the R-T District was converted to the RT-10 District by amendments to the zoning ordinance; these same amendments established a new zoning district, RTC-10. The RT-10 District provisions under which the subdivision was originally zoned allowed development in accordance with the RTC-10 District provisions.

---

[1] The factual findings here are briefly stated. The Court relies to a great extent on the factual findings contained in the March 28, 1990, opinion letter of Judge Thomas S. Kenny of this Court in the matter of *London Towne Homeowners Assoc. v. Thompson, Greene and McGaha*, 27 Va. Cir. 504 (1990), to the extent those factual findings relate to Parcel R.

In 1969, Section 5 was approved for subdivision under the RTC-10 option. The RTC-10 ordinance provisions referred back to the RE-2 District provisions. These provisions required land either to be in lots and streets deeded to the county for specified public purposes or to be open space and conveyed to a non-profit corporation or organization for development and maintenance. The non-profit corporation was to consist of all of the owners of lots within the subdivision, i.e. a homeowners association. In addition, a notation on the record plat for Section 5 stated that Parcel R "shall be conveyed to London Towne Homeowners Association." Parcel R was never deeded to the homeowners association. The taxes on the property were not paid; Parcel R escheated to the Commonwealth, and it was sold to Ms. Greene at auction.

After Ms. Greene's purchase of Parcel R, other London Towne residents directed inquiries to the Fairfax County Board of Supervisors regarding the potential development of Parcel R. In response, the Board directed the County Attorney to determine whether a basis existed to seek a declaratory judgment regarding the developability of Parcel R. The matter was referred to the Zoning Administrator, who wrote a memorandum to the Board of Supervisors dated January 19, 1990 ("the Memorandum"). Precisely what the Zoning Administrator decided in the Memorandum and the propriety of that determination is in conflict between the parties in this case and is largely the subject of this Court's consideration. The Zoning Administration sent a copy of the Memorandum to Ms. Greene by certified mail. No notice of violation has been issued by the Zoning Administrator. Ms. Greene appealed the Zoning Administrator's determination as set forth in the Memorandum to the BZA. The BZA unanimously affirmed the Zoning Administrator's determination. This appeal followed.

Ms. Greene asks this Court to reverse the decision of the BZA based upon any or all of the following.

1. Zoning violations must be based upon uses of property. Here, the Zoning Administrator apparently found violations based on the form of ownership of the property, rather than on any use of the property.

2. Based upon the holding in *Holland v. Johnson*, 241 Va. 553 (1991), the Zoning Administrator impermissibly adjudicated vested property rights.

3. The Zoning Administrator lacked statutory authority to make the determinations affecting Parcel R in the Memorandum, absent notice to the owner or a pending application or proposal by the landowner. As

recent support for this position Ms. Greene relies on *Vulcan Materials Co. v. Board of Supervisors of Chesterfield County*, 248 Va. 18 (1994).

4. The zoning ordinance currently affecting this property is R-8. The Zoning Administrator thus based her decision on inapplicable, prior zoning ordinances.

This Court must first determine what decision(s) the Zoning Administrator made. In framing the issue before this Court, Ms. Greene in her trial memorandum asserts that "[t]he Zoning Administrator ruled that an unspecified 'zoning violation' exists without reference to any particular ordinance or statute, arising apparently from Greene's ownership of the property rather than any impermissible activity or usage." In contrast, the defendants in their trial memorandum assert that the issue before this Court is appeal of the BZA's decision to "uph[o]ld the Zoning Administrator's determination that Parcel R . . . is open space under the Fairfax County Zoning Ordinance . . . and therefore cannot be developed as a matter of right." The County's statement of the case makes no reference to any determination by the Zoning Administrator of a violation of a zoning ordinance.

This Court first examines the nature and purpose of the Memorandum. Was it an advisory opinion for use by the County Attorney and the Board? Was it a decision triggering the rights and requirements of appeal by aggrieved parties under § 15.1-496.1 of the Code of Virginia? Was it both? Certainly a Zoning Administrator may be called upon to render advice and assistance to the County Attorney and the Board of Supervisors at their request. Rendering that advice does not necessarily constitute a decision under § 15.1-496.1. That statute is triggered only when a party is "aggrieved." A person is "aggrieved" when there is "a denial of some personal or property right, legal or equitable." *Virginia Beach Beautification v. Board of Zoning Appeals*, 231 Va. 415, 419-420 (1986).

In light of *Vulcan*, Ms. Greene asserts that the Memorandum cannot constitute a decision by which she is aggrieved because there was no application by her pending before the Zoning Administrator. She cites *Vulcan* to the effect that "until an application was pending asking for specific relief, there could be no denial of any personal or property right resulting from any administrative decision or determination. Without a

pending application, the oral comments merely were advisory." *Vulcan*, 248 Va. at 24.[2]

The Court holds that complainant's interpretation of *Vulcan* is too broad. There was no denial of any personal or property right in *Vulcan* because no application was pending asking for specific relief. But that does not mean that decisions by a Zoning Administrator never impinge on "personal or property rights, legal or equitable" unless an application for specific relief is pending. A Zoning Administrator may well make determinations affecting such rights without a pending application for specific relief. *See Gwinn v. Alward*, 235 Va. 616 (1988).

While recognizing that a Zoning Administrator may determine zoning violations "based on information that comes to his attention by any means," *Gwinn*, 235 Va. at 622, this Court has serious reservations about whether an internal county memorandum is an appropriate or permissible vehicle for determinations of zoning violations to be made and announced. Indeed, the County should be as concerned about that prospect as is the complainant in this instance. Surely the County wishes to have its Zoning Administrator free to opine and to advise the Board of Supervisors and the County Attorney when requested as to her views on zoning compliance without those opinions rising to the level of § 15.1-496.1 decisions. However, in light of its rulings below, the Court assumes without deciding that the Memorandum was intended to trigger § 15.1-496.1 rights and obligations.

Whether complainant was aggrieved under § 15.1-496.1 depends on the precise determination that the Zoning Administrator made. Here, the Memorandum had its genesis in the Board's request to the County Attorney "to determine whether a basis existed for the Board to seek a declaratory judgment from the Circuit Court respecting that the developability of . . . Parcel R." (Defendant's Trial Memorandum, page 5.) The matter was

---

[2] Of course, in the instant case complainant did appeal to the BZA as required by § 15.1-496.1. The issue here is not (as in *Vulcan*) whether administrative remedies were exhausted. The defendants assert that Ms. Greene is estopped from now claiming she was not aggrieved by the Zoning Administrator's decision, because the complainant herself has asserted that she was aggrieved, appealed to the BZA under § 15.1-496.1, and filed this action following the BZA's ruling. This Court holds that Ms. Greene is not estopped from making that argument. Whether she was aggrieved by the Zoning Administrator's decision and whether the Memorandum contains decisions triggering § 15.1-496.1 are issues for this Court and not the parties to decide.

referred to the Zoning Administrator for review. (Defendant's Trial Memorandum, page 5.) By the Memorandum the Zoning Administrator "present[ed] her determination respecting the developability of the property." (Defendant's Trial Memorandum, page 6.) The Zoning Administrator began the Memorandum: "This memorandum is in response to a Board of Supervisor's request regarding the developability of three parcels, Parcels A1, P and R, within the London Towne Subdivision." In its trial memorandum, the defendants assert that the issue before this Court is Complainant's "appeal of the BZA's decision . . . whereby the BZA upheld the Zoning Administrator's determination that Parcel R in London Towne Subdivision is open space under the Fairfax County Zoning Ordinance . . . and, therefore, cannot be developed as a matter of right." (Defendant's Trial Memorandum, page 1.)

The Court further holds that the only *decision* made by the Zoning Administrator in the Memorandum was that Parcel R is open space under applicable zoning ordinances and is not developable by right.

The first three and a half pages of the Memorandum provide a history of the zoning ordinances applicable to Parcel R. Thereafter the Zoning Administrator provides her "decision":

> *Therefore that is my determination that these parcels are open space and are not developable by right.* This decision is made in recognition that Parcel A1, unlike Parcels P and R, did not contain the notation that the land was to be conveyed to a homeowners association and that the required conveyance of all three parcels to a non-profit organization did not occur, and indeed, these parcels now have been sold to private individuals. It is noted that even though Parcel A1 did not have the note, such a note was presented for Parcels P and R and these parcels were not conveyed. The omission of a note on the subdivision plat failure to comply with the Zoning Ordinance requirements regarding open space and private streets does not change the status of these parcels as open space under the Zoning Ordinances. The failure to comply with these Zoning Ordinances provisions constitutes a Zoning Ordinance violation that has continued to date [emphasis added].

The Zoning Administrator's determination that Parcel R is open space and is not developable by right responds to the issue placed before her by the Board of Supervisors through the County Attorney and is in keeping

with the introductory sentence in the Memorandum and the defendant's assertion in its Trial Memorandum of the issue before this Court: the developability of Parcel R.

The Court further holds that the determination by the Zoning Administrator that Parcel R is open space and not developable by right was rendered moot by this Court's similar determination of those issues in *London Towne Homeowners Association v. Greene, Thompson and McGaha*, 27 Va. Cir. 504 (1990). By opinion letter dated March 28, 1990, this Court held that Parcel R (among others) is encumbered by implied negative reciprocal easements restricting its use to open space; is not developable as a matter of right; is encumbered by express easements for ingress, egress, sidewalks and parking; and is subject to the Declaration of Covenants and Conditions imposed on all London Towne tracts. Those findings by this Court are, happily, consistent with the sole determinations made by the Zoning Administrator in the Memorandum.

It is, of course, the last sentence of the portion of the Memorandum cited above that concerned the complainant and led to her appeal to the BZA and the filing of this suit. What did the Zoning Administrator mean by "The failure to comply with the Zoning Ordinance provisions constitutes a Zoning Ordinance violation which has continued to date"? What is the violation being alleged? Is it that Parcel R is not being used for open space? Is it that Parcel R is being developed? Is it that Parcel R is privately owned? Ms. Greene feared and the County asserts that it is the last of those three. But the Memorandum is silent.

To the extent that the Zoning Administrator endeavored to identify a violation of a zoning ordinance, the Court finds that she failed to do so with sufficient specificity and clarity. The sentence in the Memorandum claiming the presence of a violation failed to apprise clearly a person who may be aggrieved by that finding of the basis for the alleged violation.[3] To hold otherwise would be a violation of due process. The Court further finds that any determination of a violation must include an analysis of the

---

[3] As further evidence that an alleged violation of a Zoning Ordinance was not part of a formal determination made by the Zoning Administrator, the Court notes that Part 9, § 18-901, of the Zoning Ordinance, requires: "3. Upon becoming aware of any violation of any provisions of any of the Ordinances the Zoning Administrator shall serve a notice of violation on the person committing or permitting the same, which notice shall require such violation to cease within such reasonable times as is specified in such notice . . . ." No notice of violation has yet been issued as a consequence of any determination in the Memorandum.

zoning ordinances currently applicable to Parcel R, which the Memorandum fails to address.

Therefore this Court finds the BZA's ruling affirming the decision of the Zoning Administrator that Parcel R is open space and not developable by right is moot in light of this Court's decisions in a related case. No other decision (including any zoning violation) by the Zoning Administrator or the BZA was made or is upheld by this Court.

## November 23, 1994

This matter comes on the Defendants' Motion for Reconsideration of that portion of the Court's opinion letter of July 15, 1994, finding moot the decision of the Zoning Administrator affirmed by the BZA that Parcel R is open space and not developable by right. The Court does reconsider its earlier ruling.

The Court finds that the Zoning Administrator's determination was based upon prior zoning regulations, not zoning ordinances then in effect. The requirements of prior zoning ordinances are irrelevant unless those requirements have been incorporated into and made a part of existing ordinances. There is no indication in the record that such was the case. Therefore, the Zoning Administrator's decision was plainly wrong and is vacated.

The Court also finds that the Zoning Administrator's determination was an advisory opinion to the County only, not a decision triggering rights and obligations under § 15.1-496.1 of the Code of Virginia.