# CIRCUIT COURT OF THE CITY OF LYNCHBURG

In re Iris Lynn Phillips

June 25, 2001

BY JUDGE MOSBY G. PERROW, III

Iris Lynn Phillips has petitioned this court pursuant to § 53.1-231.2 of the 1950 Virginia Code, as amended, for restoration of the civil right to be eligible to vote. I am declining to exercise the jurisdiction that this statute purports to confer upon the circuit court, and the petition will be dismissed without prejudice.

The statute provides that:

> [T]he Court may approve the petition . . . if the Court is satisfied from the evidence presented that the petitioner has completed, five or more years previously, service of any sentence and any modification of any sentence including probation, parole, and suspension of sentence; that the petitioner has demonstrated civic responsibility through community or comparable service; and that the petitioner has been free from criminal convictions, excluding traffic infractions, for the same period. . . .

Virginia Code § 53.1-231.2. The statute further provides that:

> [I]f the Court approves the petition, it shall so state in an order . . . and transmit the order to the Secretary of the Commonwealth. . . . The order shall state that the petitioner's right to be eligible to vote may be restored . . . subject to the approval or denial of restoration of that right by the Governor.

*Id.*

The Virginia Constitution provides that "[T]he Governor shall have power . . . to remove political disabilities consequent upon conviction for

offenses. . . ." Art. V, § 12, Constitution of Virginia (1971). The power to remove political disabilities may not be conferred upon or delegated to the judiciary by the General Assembly. Art. III, § 1, Constitution of Virginia (1971). The Virginia Constitution vests the judicial power of the Commonwealth in "a Supreme Court and in such other courts of original and appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish." Art. VI, § 1, Constitution of Virginia (1971). In the exercise of judicial power conferred by the Constitution, Virginia courts do not "render advisory opinions, decide moot questions, or answer merely speculative inquiries." *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529 (1983); accord, *Erie Ins. Group v. Hughes*, 240 Va. 165, 170, 393 S.E.2d 210 (1990); *City of Fairfax v. Shanklin*, 205 Va. 227, 229-30, 135 S.E.2d 773 (1964); *Patterson's Ex'rs v. Patterson*, 144 Va. 113, 120, 131 S.E. 217 (1926). Such non-judicial acts exceed the authority vested in the courts by the Constitution. "It is the sole province of the judiciary to expound the laws and to adjudicate cases. That power, which emanates from the Virginia Constitution, is not shared with any other branch of government." *Holland v. Johnson*, 241 Va. 553, 555, 403 S.E.2d 356 (1991), *citing Kamper v. Hawkins*, 3 Va. (1 Va. Cas.) 20, 30-31 (1789). Judicial power may not be conferred upon or delegated to the Governor by the General Assembly. Art. III, § 1, Constitution of Virginia (1971); see *Holland v. Johnson, supra*, at p. 555.

Even assuming for the sake of argument that the statute is constitutional, it is so fundamentally flawed that it would be impossible for a circuit court to render an informed decision on the subject addressed. The statute makes no provision for notice to or service upon any officer or agency of the Commonwealth; and there is no opportunity or requirement for an officer or agency of the Commonwealth to respond to the petition for restoration or to appear in court to be heard upon the merits of the petition. The statute permits a circuit court to make findings of fact predicated upon the unchallenged allegations and evidence of the petitioner.