# CIRCUIT COURT OF LOUDOUN COUNTY

Purcellville West, L.L.C., et al.

v.

Loudoun County
Board of Supervisors et al.

June 26, 2008

Case Nos. CL 43793, 43794,
43795, 43796, 43798

BY JUDGE THOMAS D. HORNE

In these challenges to Zoning Ordinance Amendments enacted by the Board of Supervisors of Loudoun County, there remain certain preliminary pleading issues left to be decided on demurrer. Other pretrial motions have heretofore been dealt with and decided by the Court or removed from consideration at the behest of the plaintiffs.

According to familiar principles, the Court, in determining the legal sufficiency of the allegations of the various complaints, must accept the verity of the facts alleged, but not the correctness of conclusions of law, as well as the reasonable inferences arising from such facts. *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379 (1997). Those issues ripe for judicial review include the sufficiency of the allegations of piecemeal downzoning, vested rights, and the arbitrary and capricious nature of the Zoning Amendments in question. In each of these cases, the plaintiffs are represented by the law firm of Reed, Smith, L.L.P.

Plaintiffs challenge the rezoning of their properties by amendments to the Loudoun County Zoning Ordinance and Zoning Map. Prior to the effective date of the Amendments of December 6, 2006, the plaintiffs' properties were zoned A-3, permitting a base density of one dwelling unit per three acres of land. They are now, by reason of the amendments, zoned AR-1.

As stated in the complaint, base density for AR-1 zoning is one dwelling unit per twenty acres of land. Optional cluster densities are permitted consisting of one dwelling unit per five or ten acres subject to a requirement for the designation of a Rural Economy Lot of at least fifteen acres and for a density of one unit per five acres subject to a requirement for seventy percent open space. The complainants set forth in their pleadings the relevant historical context within which the Board enacted the text and map amendments in controversy.

## Piecemeal Downzoning

Allegations of piecemeal downzoning are contained in Count V of each of the complaints. The Supreme Court of Virginia has defined a piecemeal downzoning, "as a rezoning (1) that the local governing body initiates on its own motion, (2) that selectively addresses the landowner's single parcel, and (3) that 'reduces the permissible residential density below that recommended by a duly-adopted master plan'." *Board of Supervisors of Culpeper County v. Greengael, L.L.C.*, 271 Va. 266, 284 (2006) (quoting *Board of Supervisors of Fairfax County v. Snell Constr. Corp.*, 214 Va. 655, 658 (1974)).

The allegations contained in each of the complaints do not support claims of piecemeal downzoning. Moreover, as defendants have observed, piecemeal downzoning is not *per se* unlawful, but when shown, involves a burden shifting analysis of alleged unreasonable, arbitrary, and capricious zoning amendments based on changed circumstances.

The pleadings, while they refer to decreasing densities on "only a very small remaining portion of the Rural Policy Area," do not support the necessary prerequisite of selective application necessary to support this claim. Accordingly, the demurrer will be sustained as to Count V of each of the complaints and the count is dismissed as to each of the plaintiffs.

## Vested Rights

Vested Rights claims are raised in each of the cases. It is suggested by the defendants that no "significant affirmative governmental acts" have been pleaded that would support a finding that the individual plaintiffs have a vested right to pursue development of their lands contrary to the densities permitted by the ordinance amendments. With the exception of one such claim, that of Mary Ball Sauer, the Court agrees.

The enumerated list of significant affirmative governmental acts identified by the General Assembly is not exhaustive. Va. Code Ann. § 15.2-2307; See, *Goyonaga v. Board of Zoning App. of Falls Church*, 275 Va. 232

(2008). Where a party to this action has previously applied for, and received approval of, a preliminary plat, such approval could support a vested rights claim, provided the other elements necessary to support such a claim were proved at trial. Thus, the General Assembly has provided that:

> [f]or purposes of this section and without limitation, the following are deemed to be significant affirmative governmental acts allowing development of a specific project . . . (v) the governing body or its designated agent has approved a preliminary subdivision plat, site plan, or plan of development for the landowner's property and the applicant diligently pursues approval of the final plat or plan within a reasonable time under the circumstances. . . .

Va. Code Ann. § 15.2-2307.

Plaintiffs would suggest that, within the context of subdivision approval, there is a point in time prior to acceptance of the preliminary plat when the actions of the approving authority rise to the level of a significant affirmative governmental act.

If an earlier time in the subdivision approval process was intended to be the litmus test for deciding vested rights claims, the General Assembly would have said so. Under the familiar doctrine of *expressio unius est exclusio alterius*, the Court may consider that the legislature, in commenting upon the matter of subdivision approvals as a trigger for vested rights claims, fully addressed the context within which the approval process might give rise to a vested subdivision plan. As this Court has previously observed:

> [t]he absence of further qualifying language with respect to such a process would suggest a legislative intent to exclude earlier subdivision reviews and approvals in the unspecified governmental acts.

*In re Zoning Ordinance Amendments*, 66 Va. Cir. 375 (2000).

The Court finds, however, that the plaintiffs were not required to exhaust an administrative remedy before seeking redress in multi-count challenges to the rezoning of their properties. It has been provided by the General Assembly that:

A zoning ordinance may include, among other things, reasonable regulations and provisions as to any of the following matters . . . [t]he zoning administrator shall have all necessary authority on behalf of the governing body to administer and enforce the zoning ordinance. His authority shall include . . . (iii) in specific cases, making findings of fact and, with concurrence of the attorney for the governing body, conclusions of law regarding determinations of rights accruing under § 15.2-1307.

Va. Code Ann. § 15.2-2286(A)(4).

Prior to the enactment of the provision cited above, as plaintiffs note, the Supreme Court of Virginia determined that "A vested right in a land use is a property right which is created and protected by law. An adjudication regarding the creation, existence, or termination of that right can be made only by a court of competent jurisdiction." *Holland v. Johnson*, 241 Va. 553, 556 (1991).

In determining whether the General Assembly intended to divest Virginia courts of their power to review vested rights claims, *de novo*, this Court must be guided by rules of legislative construction. Particularly appropriate to a consideration of the instant case are those rules that presume knowledge and acquiescence by the General Assembly in Supreme Court precedent and the complementary rule that would require the legislature to "countermand a decision" of the Supreme Court explicitly. *Burns v. Stafford County*, 227 Va. 354, 360 (1984).

Thus, while permitting limited review of vested rights claims, if consented to by the county attorney, the legislation does not explicitly take away the power of the courts to do so or mandate that judicial review be tethered to the actions of the zoning administrator. Contrariwise, the General Assembly has provided an alternative provision for review that was not available at the time the *Holland* case was decided.

To the extent the claims seek to establish vested rights in preliminary subdivision plats that exceed the number of parcels for which another plat had previously been approved or with respect to preliminary plats that were not approved, the demurrers are sustained and the counts dismissed. The demurrer will be overruled in the case involving a vested rights agreement dated December 14, 2004, with the County, that of Mary Ball Sauer. While the Court is mindful of the requirement to read the agreement with the pleading on *oyer*, the pleading is sufficient to withstand demurrer.

*Arbitrary, Capricious, and Unreasonable Zoning*

Lastly, defendants challenge the various plaintiffs' claims that the rezoning of their lands was arbitrary, capricious, and unreasonable. In their papers and oral argument, counsel rely heavily on the principles enunciated in *Board of County Supervisors of Fairfax County v. Carper*, 200 Va. 653 (1959). In *Carper*, the Supreme Court struck down the "Freehill Amendment" to the Fairfax County zoning law. The amendment would have permitted higher density development in the eastern third of the county, while zoning the western two-thirds at a minimum lot size of two acres. In its review of the amendment, the Court noted not only the exclusionary nature of zoning, but also the lack of uniformity in application to adjoining tracts affected by the zoning. In that connection, the Court noted:

> [t]he county Board contends that it was necessary to limit subdivision lots in the western area to a minimum of two acres to promote the health, safety, morals, prosperity, and the general welfare of the people, and yet the amendment permitted a great number of land owners and developers over a period of two years after the passage of the ordinance to record plats providing for lots of a minimum size of one-half acre. If it was so imperative to promote the health, safety, morals, prosperity, and general welfare of the people by providing a minimum of two-acre lots, why did the Board open the flood gates for plats to be filed for a period of two years to defeat the very purpose it assigned for enactment of the amendment?

*Id.*, at 662.

On demurrer, the Court must accept not only the facts pleaded but also the reasonable inferences from such facts. In doing so, the Court is mindful of plaintiffs' responsibility to lay a factual predicate from which it may be concluded or inferred that the action of the Board was unlawful. *Helmick v. Town of Warrenton*, 254 Va. 225 (1997). The Court is of the opinion that the pleadings support a claim of arbitrary, unreasonable, and capricious zoning that has, among other things, resulted in a dearth of uniformity in treatment of landowners within the district.

*Summary*

In summary, the Court sustains the demurrers of the defendants to, and will dismiss, the claims of piecemeal downzoning as to each of the defendants.

Secondly, the Court will sustain the demurrers, and will dismiss the vested rights claims, excepting that raised in the case of Mary Ball Sauer and arises out of the vested rights agreement with the County. As to the plaintiff, Mary Ball Sauer, the demurrer to the vested rights claim (Count VI) is overruled.

Lastly, as to each of the plaintiffs, the demurrers to the allegations of arbitrary and capricious action of the board in enacting the amendments are overruled.

Counsel for the plaintiffs may draw an order consistent with this opinion to which counsel may note their exception. Defendants are granted twenty-one days from the entry of the order reflecting the findings of the Court to file such additional responsive pleadings as they may be advised.