PRESENT:  All the Justices


BOARD OF SUPERVISORS OF
STAFFORD COUNTY, ET AL.
                                        OPINION BY
v.          Record No. 081743    JUSTICE S. BERNARD GOODWYN
                                        JUNE 4, 2009
CRUCIBLE, INC.


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                          Randy I. Bellows, Judge

     In this appeal, we consider whether the circuit court erred

in holding that a zoning verification letter constituted a

significant affirmative governmental act under Code § 15.2-2307.

We also consider whether a party must first seek a vested rights

determination from the zoning administrator before seeking such

relief from a circuit court.

     Crucible, Inc. ("Crucible") filed a complaint in the

Circuit Court of Stafford County against the Board of

Supervisors of Stafford County, Virginia and Stafford County,

Virginia (collectively "the Board"), seeking a declaratory

judgment and injunctive relief concerning Crucible's purported

vested right to use property it owned in Stafford County.  The

circuit court overruled the Board's demurrer, which contained an

allegation that the circuit court lacked jurisdiction because

Crucible failed to exhaust administrative remedies and, after a

trial, concluded that Crucible had a vested right in the use of

its property.  The Board appeals.

FACTS

Crucible operates a security training facility in Stafford County, Virginia and sought to acquire land in order to expand its training facility. Crucible primarily trains government agents and employees in "individual protective measures," including "firearms training," "unarmed combative defensive tactics," "surveillance detection," and "anti-terrorist evasive driving." By letter dated March 3, 2004, Crucible requested a zoning verification for certain property in Stafford County. The property was zoned A-1 (Agricultural), and the zoning verification request included an inquiry into whether the facilities that Crucible proposed to erect on the property met the definition of a "school" under the zoning ordinance; schools could be constructed in A-1 zones on a "by right" basis, i.e., without additional discretionary approval by the County.

In May 2004, a meeting was held for the specific purpose of determining whether Crucible's proposed project and facility met the definition of "school" under the zoning ordinance. The meeting was attended by the zoning administrator, planning staff, and Crucible personnel. Crucible presented documentation concerning the facility, and the zoning administrator posed questions.

In a document titled "Zoning Verification" dated May 11, 2004 (zoning verification letter), the zoning administrator

stated that, based on the presentation given, the "facility would be classified a 'school' by definition in the Stafford County Zoning Ordinance," and that "[v]erification is valid as of May 11, 2004 and is subject to change." On July 26, 2005, Crucible purchased the property for $2,250,000.

On August 24, 2005, the Board of Supervisors of Stafford County adopted Zoning Ordinance O05-37, requiring a conditional use permit for the location of a school in an A-1 zoning district. After the adoption of Ordinance O05-37, Crucible, which did not have an approved site plan, could no longer operate a school on its property on a "by right" basis, absent a determination that it had a vested right to do so. Without requesting a vested rights determination from the zoning administrator, Crucible filed a declaratory judgment proceeding in the Circuit Court of Stafford County requesting that the court determine whether Crucible had a vested right, pursuant to Code § 15.2-2307, to develop a school on its property on a "by right" basis.

Over the Board's objection, the circuit court held that Crucible was not required to seek a vested rights determination from the zoning administrator before filing a complaint in the circuit court. The circuit court further concluded that considering the terms of Crucible's request, the seriousness with which the County considered the request, and the ultimate

3

finality of the decision, the zoning administrator's zoning verification letter was "substantially similar and equally serious" as the six significant affirmative governmental acts enumerated in Code § 15.2-2307. Thus, it held that the zoning verification letter constituted a significant affirmative governmental act. Finding that Crucible satisfied all the elements set forth in Code § 15.2-2307, the circuit court held that Crucible had a vested right to develop a school on its property on a "by right" basis.

ANALYSIS

The Board argues that the circuit court erred because Crucible was required to seek a vested rights determination from the zoning administrator before seeking relief from the circuit court, and as Crucible failed to do so, the circuit court lacked jurisdiction to consider the case. Crucible argues that it did not have to obtain a "vested rights" determination from the zoning administrator before it could seek relief in the circuit court, because both the zoning administrator and the circuit court have concurrent jurisdiction to make vested rights determinations.

In Holland v. Johnson, 241 Va. 553, 556, 403 S.E.2d 356, 358 (1991), this Court stated that a zoning administrator did not have the statutory authority to make a vested rights determination. Further, we stated, "A vested right in a land use

4

is a property right which is created and protected by law.  An adjudication regarding the creation, existence, or termination of that right can be made only by a court of competent jurisdiction."  Id. at 556, 403 S.E.2d at 358.

Thereafter, the General Assembly amended former Code § 15.1-491, the predecessor of current Code § 15.2-2286, to grant zoning administrators the authority to make vested rights determinations.  See 1993 Acts ch. 672.[1]  Thus, the issue of whether a party must seek a vested rights determination from a zoning administrator before seeking relief from a circuit court concerns statutory interpretation; such a holding is subject to de novo review on appeal.  See Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007).

It is an established principle of statutory interpretation that "[a] statute prescribing a new remedy for an existing right should never be construed to abolish a pre-existing remedy in the absence of express words or necessary implication."  Levy v. Davis, 115 Va. 814, 821, 80 S.E. 791, 794 (1914).  Further, " '[w]hen a statute gives a new remedy, and contains no negative, express or implied, of the old remedy, the new one

------

[1] Former Code § 15.1-491 was repealed effective December 1, 1997, and its provisions were partially incorporated into Code § 15.2-2286 by 1997 Acts ch. 587.  Code § 15.2-2286 currently provides zoning administrators with statutory authority to make vested rights determinations.  Because the constitutionality of

provided by it is cumulative, and the party may elect between the two.' " Id. (citations omitted).

Historically, circuit courts have been empowered to make vested rights determinations. See Holland, 241 Va. at 555-56, 403 S.E.2d at 357-58. Code § 15.2-2286 did not divest the circuit court of this power; Code § 15.2-2286 does not state that a zoning administrator is required to make a vested rights determination before a party can seek a vested rights determination from a circuit court nor does it make the zoning administrator's authority exclusive. Thus, the circuit court did not err in allowing Crucible to obtain a vested rights determination from the circuit court without first obtaining a vested rights determination from the zoning administrator.

The next issue we consider is whether Crucible acquired a vested right in its planned use of its property as a result of the zoning verification letter. Code § 15.2-2307 states that a land owner may establish a vested right when the landowner "(i) obtains or is the beneficiary of a significant affirmative governmental act which remains in effect allowing development of a specific project, (ii) relies in good faith on the significant affirmative governmental act, and (iii) incurs extensive obligations or substantial expenses in diligent pursuit of the

---

Code § 15.2-2286 has not been raised as an issue in this appeal, we do not consider the issue.

6

specific project in reliance on the significant affirmative governmental act."

The three specific conditions stated in Code § 15.2-2307 – that the landowner has been the beneficiary of a significant affirmative governmental act allowing development of a specific project, that the landowner relied upon that governmental act in good faith, and that the landowner has incurred extensive obligations or substantial expenses in pursuit of the specific project – must each be met before the right to maintain a permissible use in the future will be deemed to have vested. Hale v. Board of Zoning Appeals, 277 Va. 250, 272, 673 S.E.2d 170, 181 (2009).  " '[T]he mere reliance on a particular zoning classification, whether created by ordinance or variance, creates no vested right in the property owner.' "  City of Suffolk v. Board of Zoning Appeals, 266 Va. 137, 145, 580 S.E.2d 796, 799 (2003) (quoting Snow v. Board of Zoning Appeals, 248 Va. 404, 408, 448 S.E.2d 606, 608-09 (1994)).

A specific affirmative governmental act is a prerequisite to the acquisition of a vested right in a land use.  Code § 15.2-2307.  Regarding specific affirmative governmental acts, the Code states as follows:

> For purposes of this section and *without limitation*, the following are deemed to be significant affirmative governmental acts allowing development of a specific project: (i) the governing body has accepted proffers or proffered conditions which

7

specify use related to a zoning amendment; (ii) the governing body has approved an application for a rezoning for a specific use or density; (iii) the governing body or board of zoning appeals has granted a special exception or use permit with conditions; (iv) the board of zoning appeals has approved a variance; (v) the governing body or its designated agent has approved a preliminary subdivision plat, site plan or plan of development for the landowner's property and the applicant diligently pursues approval of the final plat or plan within a reasonable period of time under the circumstances; or (vi) the governing body or its designated agent has approved a final subdivision plat, site plan or plan of development for the landowner's property.

Code § 15.2-2307 (emphasis added).

Crucible admits that the zoning administrator's zoning verification letter is not encompassed within any one of the six enumerated examples of significant affirmative governmental acts. The parties agree, however, that the list is not exhaustive due to the "without limitation" language included in the statute.

Prior to the amendment of Code § 15.2-2307 by 1998 Acts ch. 801, a vested rights determination was made purely in reliance on this Court's developed body of jurisprudence. Board of Zoning Appeals v. CaseLin Sys., Inc., 256 Va. 206, 210-11, 501 S.E.2d 397, 400 (1998). Code § 15.2-2307 sets forth six actions that, as a matter of law, constitute a significant affirmative governmental act. When an act does not fall within one of the enumerated significant affirmative governmental acts in Code § 15.2-2307, we rely on this Court's case law to determine

8

whether a particular act constitutes a significant affirmative governmental act.

The alleged significant affirmative governmental act should be interpreted according to the plain meaning of the language used in the act. See Hale, 277 Va. at 273-74, 673 S.E.2d at 182. The rights that vest as a result of a significant affirmative governmental act are only those rights that the government affirmatively acts upon, and the evidence to support the claim to those rights must be clear, express, and unambiguous. Id. at 274, 673 S.E.2d at 182. "[W]hen a landowner has only a future expectation that he will be allowed to develop his property in accord with its current classification under the local zoning ordinance, there is 'no vested property right in the continuation of the land's existing zoning status.' " Id. at 271, 673 S.E.2d at 180 (quoting CaseLin Sys., 256 Va. at 210, 501 S.E.2d at 400). Also, statements of the zoning board's general support of the plan and informal assurances of future approval are not enough to constitute a significant affirmative governmental act. CaseLin Sys., 256 Va. at 212-13, 501 S.E.2d at 401-02.

The zoning administrator stated in the verification letter, "Your presentation that was given [in] Stafford County [on] May 6, 2004, demonstrated that your facility would be classified a 'school' by definition of Stafford County Zoning Ordinance.

9

Verification is valid as of May 11, 2004 and is subject to change."  According to the plain meaning of the language used in the zoning verification, the zoning administrator did not affirmatively approve the project.  There was no commitment contained within the zoning verification.  The zoning administrator simply answered the question concerning the classification of Crucible's project according to the Stafford County Zoning Ordinance in place on the date the request was made.  The zoning administrator specifically stated that the verification was subject to change.  A statement of zoning classification, such as contained in the zoning verification letter, is not a significant affirmative governmental act.  See City of Suffolk, 266 Va. at 145, 580 S.E.2d at 799.

Crucible also argues that because the Board did not challenge on appeal the circuit court's finding that the zoning verification was a "determination" of the zoning administrator, Code § 15.2-2311(C)[2] establishes an alternative basis for vesting

_____

[2] Code § 15.2-2311(C) states in part:

> In no event shall a written order, requirement, decision or determination made by the zoning administrator or other administrative officer be subject to change, modification or reversal by any zoning administrator or other administrative officer after 60 days have elapsed from the date of the written order, requirement, decision or determination where the person aggrieved has materially changed his position in good faith reliance on the action of the zoning administrator or other administrative officer

10

in addition to Code § 15.2-2307.  Crucible bases this argument on language from Goyonaga v. Board of Zoning Appeals, 275 Va. 232, 244, 657 S.E.2d 153, 160 (2008), stating "Code § 15.2-2311(C) . . . provide[s] for the potential vesting of a right to use property in a manner that 'otherwise would not have been allowed.' "  (quoting Snow, 248 Va. at 407, 448 S.E.2d at 608.)

Crucible's reliance on Goyonaga is misplaced.  The zoning verification letter merely stated that Crucible's facility fell within the definition of "school" according to the then-current zoning laws and that those laws were subject to change.  The zoning verification letter did not permit Crucible to use its property in a way that was otherwise not allowed under then-current zoning laws, and Crucible cannot establish a right to proceed based upon Code § 15.2-2311(C).

We hold that the zoning administrator's zoning verification letter was not a significant affirmative governmental act, and the circuit court erred in holding that Crucible had a vested right to develop its new training facility on the property that was the subject of the zoning verification letter.  Accordingly, we will affirm that portion of the circuit court's judgment concerning jurisdiction to make a vested rights determination,

unless it is proven that such written order, requirement, decision or determination was obtained through malfeasance of the zoning administrator or other administrative officer or through fraud.

11

and reverse the circuit court's judgment that Crucible has a vested right in a land use.  We will enter final judgment for the Board.

Affirmed in part,
reversed in part,
and final judgment.
