# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Spectrum Healthcare
Resources, Inc., et al.

v.

Prince William County
Board of Supervisors et al.

October 5, 2011

Case No. CL 10006525-00

BY JUDGE CRAIG D. JOHNSTON

This case came before me on argument upon the Plea in Bar and Demurrer of CR Associates, Inc. ("CRA") to the Verified Amended Complaint of Spectrum Healthcare Resources, Inc. ("Spectrum") and the Plea in Bar and Demurrer of CRA to the Verified Amended Complaint of 3700 Fettler Park, L.L.C. ("Fettler"), as well as the memoranda and motions filed by counsel relating thereto. I took these under advisement and have decided as follows.

*Summary of Decision*

For the reasons set forth in more detail below, I will sustain the Pleas in Bar and the Demurrers and will dismiss the Complaints to the extent they seek Writs of Prohibition and to the extent they seek a determination in advance of decision by the Board of Zoning Appeals ("BZA") and the Board of Supervisors of the appeals now pending before them. I will overrule the Demurrers as to Count I of the Spectrum Complaint and Count III of the Fettler Complaint, each of which seeks to invoke this Court's independent authority to decide vested rights, but will stay further proceedings as to these Counts pending decisions by the BZA and the Board.

## Discussion

The Pleas in Bar seek dismissal of the Complaints for failure to exhaust administrative remedies. Most pleas in bar require an evidentiary hearing, as, generally, there are disputed facts. I have decided, however, that sufficient facts have been established to decide the Pleas in Bar.

The undisputed facts are that there now exist appeals lodged by CRA with the BZA and the Boards with respect to a letter issued by the Zoning Administrator at the request of CRA dated August 23, 2010 ("the First Letter"), and with respect to a letter issued by him at the request of Spectrum and CRA dated December 6, 2010 ("the Second Letter"), and that there are now proceedings before these two Boards to decide these appeals, which have been temporarily stayed by order of the Supreme Court of Virginia. It is also undisputed that the substantive issues now pending before this court with relation to vested rights, the legal effect of the two letters issued by the Zoning Administrator, and the legal effect of prior zoning actions as they impact vested rights are also before those Boards as part of the appeal. It is further apparently undisputed that, as part of the appeal before the Boards, the issue of CRA's standing as an "aggrieved person" entitled to appeal a determination of the Zoning Administrator is also pending. (*See, e.g.*, Paragraph 31 of the Fettler Complaint, as well as proffers and concessions of counsel in connection with argument on the Pleas in Bar.) What is disputed is the allegation of the Complaints that the two Boards should not be permitted to decide any of these issues for the reasons set forth in the Complaints. The issue then presented is whether, given the undisputed facts and assuming as true the remaining facts alleged in the Complaints for purposes of Demurrer, the Pleas in Bar should be granted and the Demurrers sustained.

The allegations of the Complaints with respect to grounds for not permitting the Board appeals to go forward fall into two general categories, lack of standing and procedural inadequacies.

## Standing

Complainants argue that, because CRA has no standing to appeal the two Letters, or even to request the First Letter, it is not fair to the Complainants to permit the Boards to go forward with the hearings; this Court should instead hear and decide the standing issue.

I find this argument unpersuasive for three reasons.

First, one forum or another, the Court or the Boards, must decide the standing issues. The principal antagonists in the disputes over standing are CRA and the Complainants. Nothing set forth in the Complaints, other than conclusory allegations, states any reason why the Boards cannot decide these issues.

Second, with respect to a number of issues relating to standing, the Boards are better suited to make the decisions. These are the bodies which enact, interpret, and enforce the zoning ordinances, and as such deal with the issues in this case, which are neither simple nor straightforward. For example, under the Zoning Ordinance the Board of Supervisors conferred upon the Zoning Administrator the authority to issue decision letters, which, as I understand it, are binding upon everyone if not appealed by someone. The First Letter is argued to be such a letter, though this argument is disputed. By issuing this letter to CRA at its request and advising CRA that it could appeal the letter if it wished, the Zoning Administrator arguably conferred standing of a sort, an action that one of the Complaints alleges he had no authority to take. Against this background, the standing issue may require determinations not only as to whether CRA has sufficient connection with the property to appeal the Letters, but also whether the First Letter was or was not a determination, and whether the first Letter was issued ill-advisedly and without authority, and, if so, whether it can or should be rescinded. The respective Boards have particular expertise in zoning matters and are particularly suited to decide such issues. With respect to the status of the First Letter, they may also have authority to take actions that this Court may not possess independent authority to take.

## Procedure

Complainants allege that the procedures adopted by the Boards will not accord them a fair hearing on all issues, particularly including standing, and accordingly should not be permitted to go forward. This is a conclusion of law which I am not required to accept, even on Demurrer, and which I must reject. I note in this regard that the Complaints allege the existence of vested rights which have accrued under the very ordinance which they now say does not accord them a fair opportunity to be heard and, further, that these rights have vested in part as a result of the fact that no one appealed earlier governmental decisions, appeals which would have been heard under the same procedures they now complain of. The cases holding that this court need not, or should not, require parties to proceed with administrative remedies and administrative hearings, do so principally in cases where the complainant is adverse to the governmental entity in question and it is plain from the posture of the case that pursuit of further relief from the government will be fruitless.

The Complaints also allege that that there is a procedural omission which will deprive them of the right to appeal to this Court an adverse decision of the Board of Supervisors on the proffer interpretation. Assuming, without deciding, that this defect exists (as I must on Demurrer) and assuming that the offer of Spectrum not to oppose a declaratory judgment action will not result in effective judicial review, I do not find any constitutional

violation in this state of affairs, such that a hearing before the Board should be barred as a result. As mentioned above, the procedures for appeal are part and parcel of the zoning ordinance, and the Board of Supervisors has appropriate expertise to decide the issues before them. They are not a body adverse to the Complainants; from their Answer and their argument on the Pleas in Bar and Demurrers, it appears that they are neutral with respect to Complainants' position on all matters except Complainants' allegation that the Boards cannot give them a fair hearing, which both Boards deny. I cannot find the Board of Supervisors will not accord a fair hearing to the Complainants, whatever their rights of further review may or may not be.

Writs of Prohibition in these cases have been requested to bar further hearings. Such writs directed to tribunals such as the Boards in these cases are extraordinary writs and are generally issued only when the tribunals are about to engage in hearing a matter which is beyond their jurisdiction to hear. It is a writ to be issued with great caution, and the issuance is discretionary in the sense that it is governed by equitable principles and requires a weighing of the necessity of the writ against the harm done by issuing it. See generally, 15 Michie's Jurisprudence, *Prohibition*, and cases cited therein. The Complaints in this case do not allege that the Boards do not have jurisdiction to hear the appeals in question. Under the statutory scheme, such appeals are required to be heard by those Boards. Rather, the Complaints allege that no hearings should be permitted due to the various standing and procedural issues outlined above, which the Complaints allege are defects which cannot or will not be fairly addressed by the Boards. As the discussion above details, it is not plain to me that these defects will present bars to fair hearing before those Boards such that it can be said that such hearings are beyond their jurisdiction and ability to hear fairly. Further, in weighing the equities, I have concluded that granting the relief sought could well result in as much harm as the Complainants allege they will suffer if it is not granted. As a result, the Complaints do not state a cause of action supporting the requests for writs of prohibition, and the Plea in Bar and Demurrers must be sustained and the Complaints seeking Writs of Prohibition and declaratory relief dismissed.

### Vested Rights Counts

Complainants argue, and CRA concedes, that this Court has independent authority to adjudicate the allegations that Complainants have vested rights, as set forth in *Board of Supervisors of Stafford County v. Crucible, Inc.*, 278 Va. 152 (2009) ("*Crucible*"), and *Holland v. Johnson*, 241 Va. 553 (1991). *Crucible* also held that the Court has authority to adjudicate this prior to there being a vested rights determination by the Zoning Administrator. There has been a vested rights determination in this case. While there is no case so holding which has been cited to me, I concluded from CRA's

concession and from the basis of *Crucible*'s holding that I have authority to hear and decide Complainants' vested rights without waiting for the results of any appeal of the Zoning Administrator's determination. The Amended Complaints seek to have the Court make this determination (Count I of Spectrum Complaint, Count III of Fettler Complaint), and counsel for Spectrum and Fettler argue that the Court should proceed to hear these Counts under the Court's independent authority prior to and independent of any hearings before the Boards and without regard to the various standing and procedural issues outlined above. I conclude that, while I have the authority to do so, I am not required to do so and that it is not appropriate to go forward. The first reason I note is the incongruity, which would result from deferring for decision by the Boards the question of whether CRA has standing to appeal the Zoning Administrator's Letters but, at the same time, permitting the case to go forward in this court, thereby conferring upon CRA, as the principal adverse party, legal standing to litigate one of the principal issues which Complainants allege CRA has no standing to appeal. Second, the vested rights question is intertwined with the other issues on appeal before the Boards; to decide it I must effectively decide the matters which I have concluded are best left for the Boards' decision. Third, if the Boards conclude that the appeals may go forward notwithstanding the standing issues, the vested rights questions present additional complex zoning issues which are within their expertise to decide.

For all of these reasons, I decline to proceed to determine the vested rights issue before the appeals are decided.

Because the vested rights issue is one over which this Court has independent authority, while I do not choose to exercise this authority at this time, it is nonetheless not appropriate to sustain the Demurrers and dismiss these counts outright; there may be further matters and issues which are not resolved by the Boards as to which action can and should be taken by the Court. Accordingly, as to these counts, I will overrule the Demurrer but enter an order staying further proceedings pending decisions by the Boards or further order of the Court. If requested by the Complainants, I will instead dismiss them without prejudice, so as to address the issue of the finality of the Court's order. Otherwise, I will dismiss all other Counts for the reasons stated, retaining Count I of the Spectrum Amended Complaint and Count III of the Fettler Amended Complaint for further proceedings as set forth above.